**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| FRED WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-00980-PLC |
| ) | |
| FEDEX, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Fred Williams for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court directs plaintiff to file an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act of 1990 (ADA). (Docket No. 1). He names Fed Ex as the defendant, alleging employment discrimination on the basis of his race, color, disability, and age, resulting in a failure to accommodate, different terms and conditions of employment, retaliation, harassment, and termination. (Docket No. 1 at 4-5).

With regard to his "Statement of Claim," plaintiff asserts that he was issued a reprimand "for not taking [a] lunch break after being instructed by management to complete [a] task." (Docket No. 1 at 5). After he complained, he states he was retaliated against "by being given another reprimand." Plaintiff also alleges that an accommodation for his disability was not given, nor was he allowed the "opportunity to submit information" regarding his disability. In addition, plaintiff claims that he was discriminated against when he attempted to "print accommodation paperwork." Plaintiff does not indicate the nature of his disability.

Attached to plaintiff's complaint is a Charge of Discrimination filed with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights. (Docket No. 1-3). In the Charge of Discrimination, he indicates that discrimination took place between January 11, 2020 and June 14, 2020, and that it was based on his race, age, and disability. (Docket No. 1-3 at 1).

By way of particulars, plaintiff states that he was hired by Fed Ex as a driver in September 2019 and subjected to unwarranted discipline. Specifically, he asserts that on January 11, 2020, he was given a reprimand for not taking a lunch break, even though he was completing a task for management. When he complained, he received another write-up in retaliation. Plaintiff further states that his work performance was questioned in front of others; that he was reprimanded for not attending a meeting; that he was discriminated against; and that he was reprimanded for something another employee did without reprimand. (Docket No. 1-3 at 1-2).

Plaintiff was terminated in June 2020. (Docket No. 1-3 at 2). He believes that he has been discriminated against on account of his race, which is black; his age, which is forty-four; and his disability, which is not identified. As to relief, plaintiff seeks "reversal of actions conducted by defendant." (Docket No. 1 at 7).

3

**Discussion**

Plaintiff is a self-represented litigant who brings this civil action under Title VII, the ADEA, and the ADA, alleging that Fed Ex discriminated against him in the course of his employment. Because plaintiff is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court has determined that plaintiff's complaint is subject to dismissal for failure to state a claim. However, the Court will allow plaintiff to file an amended complaint according to the instructions set forth below.

**A.  Deficiencies in Complaint**

Plaintiff's complaint lacks sufficient facts to adequately state a claim under Title VII, the ADEA, or the ADA. First, with regard to Title VII, the purpose of the act is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). Title VII prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018).

While plaintiff indicates that he is black, and that he has been discriminated against on the basis of race and color, he provides no factual allegations to connect his race with the actions taken against him. That is, while he states that he was wrongly reprimanded and retaliated against, there are no facts demonstrating that this occurred on account of his race. Without such facts, plaintiff's claim amounts to an unsupported conclusion. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

As to the ADEA, it "prohibits employers from discriminating against any individual on the basis of age with respect to his or her compensation, terms, conditions, or privileges of employment." *Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.*, 421 F.3d 649, 652 (8th Cir. 2005). *See also Rahlf v. Mo-Tech Corp., Inc.*, 642 F.3d 633, 636 (8th Cir. 2011) (stating that the "ADEA prohibits discrimination against employees, age 40 and over, because of their age"); and *Kneibert v. Thomson Newspapers, Michigan Inc.*, 129 F.3d 444, 451 (8th Cir. 1997) ("The ADEA prohibits an employer from discharging any individual or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age").

In order to succeed on an age discrimination claim, the plaintiff must show either direct evidence of discrimination, or evidence that is sufficient to create an inference of discrimination under the *McDonnell Douglas*[1] burden shifting framework. *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 435 (8th Cir. 2016). If the plaintiff does not offer direct evidence, "she must establish a prima facie case of discrimination by showing that she (1) is a member of a protected class, (2) was qualified, (3) suffered an adverse employment action, and (4) can provide facts that give rise to an inference of unlawful discrimination on the basis of a protected class status." *Id*. *See also Robinson v. American Red Cross*, 753 F.3d 749, 754 (8th Cir. 2014).

In this case, plaintiff does nothing more than indicate that he is forty-four years old. At no point does he present facts that connect his age with any adverse employment actions taken against him. Simply stating that he was discriminated against because of his age is not sufficient; rather, plaintiff must provide facts to support his proposition. *See Johnson v. Precythe*, 901 F.3d 973, 977

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

(8th Cir. 2018) ("A pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief").

Finally, with regard to the ADA, the Court notes that it "bars private employers from discriminating against a qualified individual on the basis of disability." *Faidley v. United Parcel Serv. of America, Inc.*, 889 F.3d 933, 940 (8th Cir. 2018). Discrimination includes an employer not making a reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability. *Kallail v. Alliant Energy Corp. Servs., Inc.*, 691 F.3d 925, 930 (8th Cir. 2012). In order to establish a prima facie case of discrimination under the ADA, "an employee must show that she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of her disability." *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). *See also Wood v. Crown Redi-Mix, Inc.*, 339 F.3d 682, 684 (8th Cir. 2003). To establish a disability, an ADA claimant must show a physical or mental impairment substantially limiting a major life activity, a record of such impairment, and that the claimant is regarded as having such impairment. *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490-91 (8th Cir. 2002).

Here, plaintiff states that he has a disability that was not accommodated. He has failed, however, to identify the nature of his disability, how his employer failed to accommodate him, and what specific adverse employment action he suffered due to that disability. Instead, plaintiff has simply restated a cause of action. This is not sufficient to state a claim. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that to state a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice").

For all these reasons, plaintiff has failed to state a claim, and his complaint is subject to dismissal. Because plaintiff is a self-represented litigant, however, the Court will give him the opportunity to file an amended complaint according to the instructions set forth below. Plaintiff **must** follow these instructions.

### B.  Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's employment discrimination form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Plaintiff should fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The Court notes that plaintiff's complaint contains claims under Title VII, the ADEA, and the ADA. As discussed above, plaintiff must provide allegations sufficient to state a claim under those statutes. Under Title VII, plaintiff must provide facts showing that his employer discriminated against him on the basis of race. Likewise, under the ADEA, plaintiff must show that he suffered an adverse employment action, and provide facts giving rise to an inference that the adverse action was the result of unlawful discrimination on the basis of his age. Finally, under the ADA, plaintiff must present facts showing that he is disabled within the meaning of the ADA, and that he suffered an adverse employment action because of that disability. The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a

7

formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

In his complaint, plaintiff indicates that he has exhausted his administrative remedies and received a right-to-sue letter. While plaintiff has attached his Charge of Discrimination, he did not attach the right-to-sue letter. Plaintiff should attach a copy of his right-to-sue letter to his amended complaint.

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

The Court will give plaintiff **thirty (30) days** from the date of this order in which to file his amended complaint in accordance with the instructions set forth above. If plaintiff fails to file an amended complaint within **thirty (30) days** in accordance with the instructions set forth above, this action will be dismissed without prejudice and without further notice.

**C. Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity

8

of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. In particular, the Court has determined that plaintiff's complaint is subject to dismissal, and has ordered him to file an amended complaint. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's employment discrimination complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order in accordance with the instructions set forth above, this case will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

*/s/ Patricia L. Cohen*
_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of December, 2021