**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FRED WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00980-PLC |
| | ) | |
| FED EX, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on review of plaintiff Fred Williams's amended complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss plaintiff's Age Discrimination in Employment Act of 1967 (ADEA) claim. However, the Court will direct the Clerk of Court to issue process on defendant FedEx as to plaintiff's claims under Title VII of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act of 1990 (ADA).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant who filed a civil action against defendant FedEx on August 6, 2021, alleging violations of Title VII, the ADEA, and the ADA. (Docket No. 1). He alleged employment discrimination on the basis of his race, color, disability, and age, resulting in a failure to accommodate, different terms and conditions of employment, retaliation, harassment, and termination.

In the complaint, plaintiff asserted that he was issued a reprimand "for not taking [a] lunch break after being instructed by management to complete [a] task." After he complained, he stated that he was retaliated against "by being given another reprimand." Plaintiff also alleged that an accommodation for his disability was not given, nor was he allowed the "opportunity to submit information" regarding his disability. In addition, plaintiff claimed that he was discriminated against when he attempted to "print accommodation paperwork."

Attached to plaintiff's complaint was a Charge of Discrimination filed with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights. In the Charge of Discrimination, he indicated that discrimination took place between January 11, 2020 and June 14, 2020, and that it was based on his race, age, and disability.

Along with his complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). The Court granted the motion on December 16, 2021. (Docket No. 5). Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court directed plaintiff to file an amended complaint. Specifically, the Court noted that plaintiff had failed to state a claim under Title VII, the ADEA, and the ADA.

With regard to Title VII, the Court observed that while plaintiff indicated that he was black, he provided no factual allegations to connect his race with the actions taken against him. As to the ADEA, the Court noted that plaintiff had indicated that he was forty-four years old, but did not attempt to connect his age with any adverse employment action taken against him. Likewise, concerning the ADA, plaintiff presented no facts showing he suffered adverse employment action due to his disability.

Rather than dismiss his complaint, the Court gave plaintiff the opportunity to file an amended complaint. The amended complaint was submitted on January 14, 2022. (Docket No. 6).

3

**The Amended Complaint**

Plaintiff's amended complaint asserts violations of Title VII, the ADEA, and the ADA, resulting in a failure to accommodate his disability, different terms and conditions of employment, retaliation, harassment, and termination of his employment. (Docket No. 6 at 1, 4). He contends that he was discriminated against on the basis of his race, color, disability, and age. (Docket No. 6 at 5).

With regard to these claims, plaintiff alleges that he was reprimanded for not taking lunch after being instructed by management to complete a task. After he complained about this reprimand, he was given another reprimand. Plaintiff states that he was not given an accommodation of disability for his physical or mental impairment. When he offered medical information, it was "not followed." When plaintiff tried to print his accommodation paperwork, he states that he was discriminated against, because "another employee, not black, was able to use the printer." Plaintiff also asserts that he was reprimanded for "sliding item[s] together," while another employee who was "not black was able to do the same thing without reprimand." He further contends that he did not receive the "same compensation as other employees due to reduced work."

As to the exhaustion of his administrative remedies, plaintiff states that he filed a charge of discrimination with the EEOC and that he received a right-to-sue letter. (Docket No. 6 at 3). He earlier submitted his charge of discrimination to the Court.

Concerning his request for relief, plaintiff states that he is seeking reversal of the "actions conducted by defendant." (Docket No. 6 at 7).

**Discussion**

Plaintiff is a self-represented litigant who brings this employment discrimination action against FedEx, alleging violations of Title VII, the ADEA, and the ADA. Because he is proceeding in forma pauperis, the Court reviewed his amended complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss plaintiff's ADEA claim for failure to state a claim. However, the Court will direct the Clerk of Court to issue process on FedEx as to plaintiff's claims under Title VII and the ADA.

**A.  ADEA Claim**

The ADEA "prohibits employers from discriminating against any individual on the basis of age with respect to his or her compensation, terms, conditions, or privileges of employment." *Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.*, 421 F.3d 649, 652 (8th Cir. 2005). *See also Rahlf v. Mo-Tech Corp., Inc.*, 642 F.3d 633, 636 (8th Cir. 2011) (stating that the "ADEA prohibits discrimination against employees, age 40 and over, because of their age"); and *Kneibert v. Thomson Newspapers, Michigan Inc.*, 129 F.3d 444, 451 (8th Cir. 1997) ("The ADEA prohibits an employer from discharging any individual or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age").

In order to succeed on an age discrimination claim, the plaintiff must show either direct evidence of discrimination, or evidence that is sufficient to create an inference of discrimination under the *McDonnell Douglas*[1] burden shifting framework. *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 435 (8th Cir. 2016). If the plaintiff does not offer direct evidence, "she must establish a prima facie case of discrimination by showing that she (1) is a member of a protected class, (2)

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

was qualified, (3) suffered an adverse employment action, and (4) can provide facts that give rise to an inference of unlawful discrimination on the basis of a protected class status." *Id*. *See also Robinson v. American Red Cross*, 753 F.3d 749, 754 (8th Cir. 2014).

In this case, plaintiff does nothing more than indicate that he was born in 1976. Meanwhile, his charge of discrimination provides only that he is forty-four years old. While this is sufficient to show that he qualifies for the protections of the ADEA, he has entirely neglected to present any facts indicating that he has suffered unlawful discrimination on the basis of his age. Plaintiff does not mention his age in his brief recitation of facts, nor does he provide any age-related discrimination facts in his charge of discrimination. While the Court must make all reasonable inferences in plaintiff's favor, there is nothing here upon which to base an inference.

In the Court's order to amend, plaintiff was specifically advised that his ADEA claim was deficient because he had failed to assert any facts connecting his age to an adverse employment action taken against him. Despite being given the opportunity to cure this deficiency, plaintiff has not provided any additional facts sufficient to show direct discrimination or to support an inference of discrimination. As such, he has not stated a claim. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) ("A pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief"). Therefore, plaintiff's ADEA claim must be dismissed.

## B.  Title VII and ADA Claims

The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018). Meanwhile, "[t]he

ADA bars private employers from discriminating against a qualified individual on the basis of disability." *Faidley v. United Parcel Serv. of America, Inc.*, 889 F.3d 933, 940 (8th Cir. 2018). Discrimination includes an employer not making a reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability. *Kallail v. Alliant Energy Corp. Servs., Inc.*, 691 F.3d 925, 930 (8th Cir. 2012). In order to establish a prima facie case of discrimination under the ADA, "an employee must show that she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of her disability." *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). *See also Wood v. Crown Redi-Mix, Inc.*, 339 F.3d 682, 684 (8th Cir. 2003).

In this case, plaintiff has alleged that FedEx discriminated against him on the basis of his race, which is black. Particularly, he states that he was not allowed to do things that non-black employees were allowed to do, and that he was reprimanded for doing things that non-black employees did without reprimand. Plaintiff also asserts that his physical and mental impairments were not accommodated by FedEx, even when he offered his medical information. When he tried to print his accommodation paperwork, he was not allowed to use the printer, even though a non-black employee was able to use it. Ultimately, plaintiff states that he was terminated from his employment, termination that he believes resulted from his race and disabilities. With regard to exhaustion of his remedies, plaintiff has alleged that he filed a charge of discrimination with the EEOC and that he received a right-to-sue letter.

The Court must accept these allegations as true and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). The Court also notes that in evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards

than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). Therefore, the Clerk of Court will be directed to issue process on defendant FedEx as to plaintiff's Title VII and ADA claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claim under the ADEA is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant FedEx, 3951 New Town Boulevard, St. Charles, Missouri 63301, as to plaintiff's Title VII and ADA claims.

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 20th day of January,  2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE