UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21-cv-980-MTS |
| ) | |
| FEDEX, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER OF DISMISSAL**

The Court set this matter for a Rule 16 conference and issued its standard order requiring the parties to submit a joint scheduling plan. Doc. [20]. According to Defendant, Plaintiff did not respond to Defendant's attempts to contact him in order to prepare the joint scheduling plan. Doc. [22]. Plaintiff then failed to appear at the scheduled Rule 16 conference. Doc. [23]. While the Court and Defendant waited for Plaintiff to appear at the conference, the Clerk of Court attempted to contact Plaintiff from a telephone number found in an exhibit he attached to his Complaint, but there was no answer. The Court then issued an order requiring Plaintiff to file a response showing good cause for why the Court should not dismiss Plaintiff's action, no later than June 8, 2022. Doc. [24].

The Clerk of Court sent Plaintiff a copy of the Order via the United States Postal Service ("USPS") and via United Parcel Service ("UPS"). UPS returned the parcel as undeliverable after making three attempts to deliver it. Doc. [25]. At least to date, the parcel shipped via USPS has not been returned.[1] Plaintiff failed to respond to the show cause order explaining why the Court

---

[1] Pursuant to the Local Rules of this District, every self-represented party shall promptly notify the Clerk of the Court and all other parties to the proceedings of any change in the party's address or telephone number. L.R. 2.06(B). Failure to notify the Court of a change may result in a dismissal of the action without prejudice. *Id.* Thus, even

should not dismiss this case for his failure to participate in the Rule 16 conference.[2] The Court therefore will dismiss this action without prejudice. *See* Fed. R. Civ. P. 16(f)(1)(A); *id.* at 37(b)(2)(A)(v); *see also In re Harris*, 277 F. App'x 645 (8th Cir. 2008) (noting "even pro se litigants must comply with court rules and directives") (citing *Soliman v. Johanns*, 412 F.3d 920, 921–22 (8th Cir. 2005)).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's action against Defendant FedEx Freight, Inc. is **DISMISSED without prejudice**.

Dated this 15th day of June, 2022.

 MATTHEW T. SCHELP
 UNITED STATES DISTRICT JUDGE

---

assuming Plaintiff did not receive the Order because he no longer is at the address he provided, dismissal is still appropriate based on his failure to update his address with the Court.

[2] The Court notes Plaintiff has failed to make *any* contact with the Court in at least four months. *See, e.g.*, Doc. [12].